[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#111)
The plaintiff, Thompson Peck, Inc. (TPECK), seeks damages from the defendants for breach of contract and violations of Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-316 et seq. and Connecticut Unfair Trade Practices Act (CUTPA), § 42-110b et seq. The defendants are Reliance Insurance Company (Reliance) and GoPro Underwriting Managers, Inc. (GoPro).
TPECK filed a seven-count amended complaint (the complaint) on February 16, 2001; counts one and two allege that materially false and misleading representations were made to TPECK by Reliance and GoPro respectfully, thereby, damaging TPECK's business relations; count three alleges breach of contract against Reliance; counts four and five, brought against Reliance and GoPro, respectfully, allege a violation of CUIPA; and counts five and seven, also brought against Reliance and GoPro respectfully, allege a violation of CUTPA. GoPro now moves to strike counts five and seven.
A motion to strike challenges the legal sufficiency of the complaint.Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). The court "must take as true the facts alleged in the complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Peter-Michael, Inc. v.Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Gazo v. Stamford, supra, 255 Conn. 260. "A motion to strike . . . does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 588, 693 A.2d 293 (1997).
The court must take as true the facts as alleged in counts five and seven for purposes of this motion to strike. Reliance, an insurance company authorized and licensed to write insurance business in the State of Connecticut (the State), marketed its municipal insurance products within the State, through its agent and representative, GoPro, to independent insurance agents like TPECK. GoPro, through Reliance, made false and misleading representations to TPECK regarding the availability of replacement cost coverage for emergency vehicles. GoPro also made false and misleading representations to TPECK regarding the actual placement of such coverage for the Town of Marlborough (the Town). These representations "[constitute] deceptive and unfair insurance practices. . . ." (Count 5, ¶ 6.) Additionally, "GoPro's general marketing that it did have available through Reliance and would place replacement cost coverage for insureds, to their (sic) [the insured's] insurance agents, was false and misleading and a general business practice of Go Pro," thereby constituting a practice of misleading CT Page 12027 and deceptive insurance practices and acts. (Count 5, ¶¶ 7-8.) By placing the Town's emergency vehicle insurance coverage through Reliance, based on the false and misleading representations made by GoPro, TPECK "was damaged by said misrepresentations and violations of Connecticut's Unfair Insurance Practices Act. . . ." (Count 5, ¶ 9.) Furthermore, this conduct "[constitutes] unfair and deceptive trade practices as those terms are defined by the Connecticut Unfair Trade Practices Act." (Count 7, ¶ 8.) TPECK's damages include monetary damages, as well as damages to its business expectancies, reputation and relations.
Count Five
CUIPA, provides, in part, that "[n]o person shall engage in this state in any trade practice which is defined in section 38a-816 as, or determined pursuant to sections 38a-817 and 38a-818 to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. . . ." General Statutes § 38a-815.
GoPro argues that count five fails to state a cause of action for a violation of CUIPA because: (1) CUIPA does not provide for a private right of action, and (2) TPECK is not a party to the insurance contract about which it complains, therefore, as a third party beneficiary, TPECK cannot bring a claim under CUIPA. TPECK filed an objection and a supporting memorandum in response, asserting that count five is sufficiently pleaded as a CUIPA violation because: (1) as an agent of the Town it was in privity of contract;[1] and (2) CUIPA provides for a private right of action.
TPECK's allegations that GoPro made "false and misleading representations" about insurance coverage, and that these representations were a part of GoPro's "general business practice," thus, violative of CUIPA, are mere conclusions and cannot support a cause of action under General Statutes § 38a-116 et seq.[2] Additionally, there is sufficient authority to decline to recognize a private cause of action under CUIPA. Conway v. Travelers Casualty Surety Company of America, Superior Court, judicial district of Hartford at Hartford, Docket No. 588119 (December 15, 2000, Rubinow, J.) and cases cited therein. Because CUIPA does not create a private cause of action, TPECK's motion to strike count five is granted.
Count Seven
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). "Any person CT Page 12028 who suffers any ascertainable loss of money or property . . . as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages." General Statutes § 42-110g(a).
GoPro argues that count seven, the CUTPA claim, is not alleged with sufficient particularity. TPECK argues in opposition that "GoPro wastes the Court's resources and Counsel's time with ridiculous arguments about a lack of specificity as to the CUTPA [c]ount." (TPECK's Memorandum, p. 10.) The court agrees with GoPro that count seven, in which TPECK alleges that the misrepresentations made by GoPro regarding insurance coverage "[constitutes] unfair and deceptive trade practices as those terms are defined by the Connecticut Unfair Trade Practices Act"; (Count 7, ¶ 8.); is insufficiently pleaded and incomplete.[3]
Furthermore, since the misconduct complained of is related to the insurance industry, the alleged unfair insurance practice must violate CUIPA in order for TPECK to bring an action under CUTPA. Mead v. Burns,199 Conn. 651, 662-63, 509 A.2d 11 (1986). Because the CUIPA claim has been stricken, count seven must also be stricken.
Based on the foregoing, GoPro's motion to strike counts five and seven is granted.
By the Court,
Kevin E. Booth Judge of the Superior Court